**Jorge Anibal CIFUENTES-
HERNANDEZ,
Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 09–70332.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 21, 2012.*

Filed March 2, 2012.

Jorge Anibal Cifuentes–Hernandez, Las
Vegas, NV, pro se.

OIL, Brendan Paul Hogan, Esquire,
DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of
the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, McKEOWN,
and BYBEE, Circuit Judges.

MEMORANDUM **

Jorge Anibal Cifuentes–Hernandez, a
native and citizen of Guatemala, petitions
pro se for review of the Board of Immigration Appeals' order dismissing his appeal
from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We
have jurisdiction under 8 U.S.C. § 1252.
We review de novo questions of law and
for substantial evidence factual findings,
*Husyev v. Mukasey,* 528 F.3d 1172, 1177
(9th Cir.2008), applying the new standards
governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder,* 590 F.3d 1034, 1039 (9th
Cir.2010). We deny the petition for review.

The record does not compel the conclusion that Cifuentes–Hernandez established
changed or extraordinary circumstances
excusing his untimely asylum application.
*See* 8 C.F.R. § 1208.4(a)(4), (5). Accordingly, we deny the petition as to his asylum claim.

Substantial evidence supports the agency's adverse credibility finding based both
on the omission from Cifuentes–Hernandez's asylum application of his brother's
death and on inconsistencies between his
application, his sworn statement, and his
testimony regarding the basis for his
claim. *See Shrestha,* 590 F.3d at 1048
(adverse credibility finding reasonable under totality of circumstances). Further,
the agency was not compelled to accept his
explanations. *See Zamanov v. Holder,* 649
F.3d 969, 974 (9th Cir.2011). Accordingly,
in the absence of credible testimony, his
withholding of removal claim fails. *See
Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th
Cir.2003).

In addition, Cifuentes–Hernandez's CAT
claim fails because it is based on the same
statements the agency found not credible,
and the record does not otherwise compel
a finding it is more likely than not he
would be tortured if returned to Guatemala. *See id.* at 1156–57.

---

* The panel unanimously concludes this case is
   suitable for decision without oral argument.
   *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**618**

Finally, Cifuentes–Hernandez's due process claims are belied by the record.

**PETITION FOR REVIEW DENIED.**

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.